UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY GRECO,

        Plaintiff,                      No. 12-12212

v.                                  District Judge Denise Page Hood
                                  Magistrate Judge R. Steven Whalen

LIVINGSTON COUNTY, ET AL.,

        Defendants.
_____ /

**ORDER GRANTING IN PART, DENYING IN PART,
AND TAKING UNDER ADVISEMENT IN PART PLAINTIFF'S
MOTION TO COMPEL [DOC. #22]**

For the reasons and under the terms stated on the record on July 16, 2013,

Plaintiff's Motion to Compel [Doc. #22] is GRANTED IN PART AND DENIED IN

PART, as follows:

Interrogatory #17 (to Deputy Clayton): GRANTED.

Interrogatory #6 and #8 (to Livingston County): GRANTED IN PART.  The scope

of the response will be limited to (a) excessive force claims or complaints involving dogs

as to all Sheriff's personnel; and (b) any excessive force claim, whether involving a dog

or not, as to any Sheriff's personnel that handles dogs. The time frame shall be from 10

years prior to the filing of the Complaint in this case to the present.

Interrogatory # 9 (to Livingston County): GRANTED IN PART.  The scope of the

response will be limited to complaints of excessive force, whether or not dogs were

involved.  The time frame shall be from 10 years prior to the filing of the Complaint in

this case to the present.

Interrogatory #10 (Livingston County): GRANTED IN PART.  The scope of the

-1-

response will be limited to complaints of excessive force, whether or not dogs were involved. The time frame shall be from 10 years prior to the filing of the Complaint in this case to the present.

Request to Produce # 1, #2 and #11 (to Deputy Clayton): DENIED. Much of the information contained in the privilege log, such as pay increases and routine personnel actions, is irrelevant. The Court reviewed three specific documents *in camera*: a May 12, 2011 document from Sgt. Schmidt, a February 8, 2008 internal investigation, and a November 21, 2005 intra-office memo from Deputy Clayton to Lt. Jake. None of these documents has any relevance to this case, nor are they likely to lead to the discovery of relevant evidence.

Request to Produce #2 (to Livingston County): GRANTED IN PART. The documents will be limited to complaints of excessive force, whether involving dogs or not, and to the handling or training of dogs. The time frame shall be from 10 years prior to the filing of the Complaint in this case to the present.

Request to Produce #3 (to Livingston County): GRANTED IN PART. The documents will be limited to complaints regarding excessive force, whether involving dogs or not, and to the handling or training of dogs. The time frame shall be from 10 years prior to the filing of the Complaint in this case to the present.

Request to Produce #4 (to Livingston County): GRANTED IN PART. The documents will be limited to complaints of excessive force, whether involving dogs or not. Any non-factual material that would fall under the deliberative process privilege may be redacted. The time frame shall be from five years prior to the filing of the Complaint in this case to the present.

Request to Produce #2 (to Livingston County): DENIED WITHOUT

PREJUDICE.

All discovery granted herein shall be produced within 14 days of the date of this order.

In addition, Request to Produce #4 , directed at Deputy Clayton, is TAKEN UNDER ADVISEMENT.  Plaintiff seeks internal affairs investigations of Deputy Clayton. Within 14 days of the date of this Order, Defendants will provide any such investigations involving claims of excessive force or use or training of dogs to the Court for *in camera* inspection.

IT IS SO ORDERED.


Dated: July 16, 2013                    s/ R. Steven Whalen_____
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on July 16, 2013, electronically and/or by U.S. mail.

                                        s/Michael Williams_____
                                        Relief Case Manager to the
                                        Honorable R. Steven Whalen

-3-