UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY GRECO,

      Plaintiff,           CASE NO. 12-CV-12212
                                 HONORABLE DENISE PAGE HOOD

v.

LIVINGSTON COUNTY, a
Municipal Corporation, and
DEPUTY ANTHONY CLAYTON, in his
Individual and Official Capacities,

      Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR STAY PENDING APPEAL [DKT. # 54]

This matter involves an alleged use of excessive force by a police deputy (acting through his trained canine). Plaintiff brought § 1983 action against the Police Deputy (Deputy Anthony Clayton) in an individual capacity and suit against Livingston County as Clayton was an employee of the Livingston County Sheriff's Department. On January 31, 2014, the Court issued an Order Denying Defendants' Motion for Summary Judgment **[Docket No. 28, Filed July 5, 2013]** and Granting In Part Defendants' Motion for Protective Order Precluding Depositions of Undersheriff Michael Murphy and Sheriff Bob Bezotte. **[Docket No. 27, Filed June 27, 2013]**

On February 14, 2014, Defendants filed notice of their intent to appeal the Court's Order denying Defendants' Motion for Summary Judgment. **[Docket No. 52]** That same day, the Defendants also filed the instant "Motion for Stay." **[Docket No. 54, Filed February 14, 2014]** Plaintiff has not opposed Defendants' motion to stay.

Qualified immunity is an affirmative defense that protects government actors performing discretionary functions from liability for civil damages when their conduct does "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The doctrine of qualified immunity provides immunity from suit rather than a mere defense to liability. *Siegert v. Gilley*, 500 U.S. 226, 233 (1991). "The philosophical underpinning of the doctrine of qualified immunity is a desire to avoid 'the substantial costs' imposed on government, and society, by 'subjecting officials to the risk of trial.' " *Vaughn v. United States Small Business Admin.*, 65 F.3d 1322, 1326 (6th Cir. 1995). As such, a district court's denial of qualified immunity is an appealable final decision under 28 U.S.C. § 1291. *See Estate of Carter v. City of Detroit*, 408 F.3d 305, 309 (6th Cir. 2005). "Generally, the filing of a notice of appeal from the denial of immunity divests the district court of jurisdiction of the case." *Smith v. County of Lenawee*, 2009 WL 3672107, *2 (E.D. Mich. Nov.3, 2009) (citing *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994)).

The Court concludes that its denial of qualified immunity protection by denying Defendants' Motion for Summary Judgment is an appealable order under 28 U.S.C. § 1291, and divests this court of jurisdiction pending appeal.  Therefore, the Court **GRANTS** the instant motion to stay.

Accordingly, for the reasons set forth above,

**IT IS ORDERED** that Defendants' Motion to Stay **[Docket No. 54, Filed February 14, 2014]** pending appeal is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** pursuant to 28 U.S.C. § 1291.

**IT IS SO ORDERED**.

          S/Denise Page Hood
          Denise Page Hood
          United States District Judge

Dated:  February 27, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 27, 2014, by electronic and/or ordinary mail.

          S/LaShawn R. Saulsberry
          Case Manager